J-S22042-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRACY A. BRITTINGHAM | : | |
| | : | |
| Appellant | : | No. 2282 EDA 2017 |

Appeal from the PCRA Order June 30, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0010691-2013

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 06, 2018**

Appellant, Tracy A. Brittingham, appeals *pro se* from the denial of his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following facts from our independent review of the record. On April 11, 2014, following a waiver trial, the trial court convicted Appellant of aggravated assault and related charges, for his attack on the victim with a wooden two-by-four.  On June 12, 2014, the court sentenced Appellant to an aggregate term of not less than forty-five nor more than 132 months' incarceration.  Appellant timely appealed.  While his direct appeal was pending in this Court, he filed a first *pro se* PCRA petition on July 13, 2015 that the court did not consider.  This Court affirmed his judgment of sentence on January 13, 2016, and Appellant did not seek further review in our Supreme

_____
*   Retired Senior Judge assigned to the Superior Court.

Court.  (*See Commonwealth v. Brittingham*, 136 A.3d 1031 (Pa. Super. 2016) (unpublished memorandum)).

On May 13, 2016, Appellant filed his second *pro se* petition, and appointed counsel filed an amended petition on June 20, 2016.  On August 11, 2016, counsel filed a *Turner/Finley*[1] letter and motion to withdraw as counsel.  Appellant responded to the *Turner/Finley* letter and, on December 2, 2016, the court issued notice of its intent to dismiss the petition without a hearing.  *See* Pa.R.Crim.P. 907(1).  On January 13, 2017, the court dismissed Appellant's petition.[2]

On April 20, 2017, Appellant filed his third *pro se* PCRA petition.  The court denied it on June 30, 2017 without a hearing.[3]  Appellant timely appealed.  On August 7, 2017, the PCRA court issued an order directing Appellant to file a statement of errors complained of on appeal, and that failure to do so may be deemed a waiver of all issues.  *See* Pa.R.A.P. 1925(b).  Appellant failed to file a Rule 1925(b) statement.  The court filed an opinion on September 21, 2017.  *See* Pa.R.A.P. 1925(a).

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The record reflects that the court also filed an order dismissing the petition on January 17, 2017, and February 17, 2017.

[3] The PCRA court's dismissal order reflects that it sent Appellant a Rule 907(1) notice of its intent to dismiss the petition without a hearing, although it is not on the docket.  (*See* Order, 6/30/17).

We note that Appellant's brief does not contain a statement of questions on appeal, as mandated by Rule 2116(a), and thus we could deem his issues waived. (*See* Appellant's Brief, at 1-2); *see also* Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved[.] . . . No question will be considered unless it is stated in the statement of questions involved . . . ."). However, for sake of completeness, we observe that Appellant's brief appears to raise two issues: an allegation of counsel's ineffectiveness, and the Commonwealth's failure to disclose an inconsistent statement made by a witness. (*See* Appellant's Brief, at 1-2).

> Our standard of review examines whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record. A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations. The time bar can only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S.[A.] § 9545(b)(1)(i)–(iii). Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*.

*Commonwealth v. Robinson*, 2018 WL 2041425 at *2 (Pa. Super. filed May 2, 2018) (*en banc*) (case citations and quotation marks omitted).

Instantly, Appellant's brief fails to acknowledge the untimeliness of his petition, let alone plead and prove that an exception to the time-bar applies. (*See* Appellant's Brief, at 1-7). Therefore, because Appellant has failed to plead and prove an exception to the PCRA timeliness requirements, we

conclude that the PCRA court properly dismissed Appellant's petition as untimely. **See Robinson**, **supra** at *2.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/18

---

[4] We also note that Appellant's issues are waived for his failure to file a court-ordered statement of errors complained of on appeal. **See Commonwealth v. Hill**, 16 A.3d 484, 491 (Pa. 2011) ("[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.") (citation and emphasis omitted); Pa.R.A.P. 1925(b)(4)(vii). Additionally, Appellant's brief does not contain any of the sections mandated by Rule 2111, and instead includes a recitation of certain testimony elicited at trial, and a brief argument, unsupported by pertinent law or discussion thereof, that trial counsel should have challenged eyewitness testimony. (**See** Appellant's Brief, at 1-7); **see also Commonwealth v. Rhodes**, 54 A.3d 908, 915 (Pa. Super. 2012) (waiving issue where appellant failed to properly develop it); Pa.R.A.P. 2111, 2119(a)-(b). Therefore, even if this Court had jurisdiction, Appellant's issues would be waived for our review. **See Hill**, **supra** at 491; **Rhodes**, **supra** at 915; Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2101.